UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,                                        Case No.: 21-13064
                        Plaintiff,
v.                                                   Gershwin A. Drain
                                                     United States District Judge
M.D.O.C., *et al.*,
                        Defendants.                  Curtis Ivy, Jr.
_____/                      United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT (ECF No. 8)</u>**

## I.     PROCEDURAL HISTORY

Plaintiff Scott Sedore filed this civil rights matter against Michigan

Department of Corrections ("MDOC") officials and employees without the

assistance of counsel on December 30, 2021.  (ECF No.1).  Plaintiff alleges

violations of the Eight Amendment to the United States Constitution, the

Americans with Disabilities Act ("ADA") and the Rehabilitation Act.  (*Id*. at

PageID.5).  Defendants Serena Landfair, Brian Stricklin, and MDOC

("Defendants") moved for summary judgment based on exhaustion.  (ECF No. 8).

Plaintiff responded (ECF Nos. 13,14) and Defendants replied (ECF No. 18).  This

case was referred to the undersigned for all pretrial matters.  (ECF No. 9).

For the reasons below, the undersigned recommends Defendants' motion for

summary judgment (ECF No. 8) be **GRANTED**.

## II.    BACKGROUND

### A.    Factual Background

Plaintiff was in the custody of G. Robert Cotton Correctional Facility ("JCF").  (ECF No. 1, PageID.21).  Plaintiff claims he made a healthcare request for optometry services on June 27, 2021.  (*Id.*).  Plaintiff's glasses were beyond repair and almost completely unusable.  The frames were damaged, the lenses were scratched and falling out, and the prescription was outdated.  (*Id.*).  Plaintiff sent letters, known as a "kites," on July 1, July 17, and August 5 to make his healthcare request.  After receiving no response to his requests, Plaintiff filed a Step I grievance on August 10, 2021.  His Step I respondent alleged staff never received any of his kites.  (*Id.*).  Plaintiff contends he exhausted all his administrative remedies.  Plaintiff contends he appealed this grievance to Step III on August 24, 2021, after he did not receive a timely Step II response.  (*Id.* at PageID.22).

### B.    Instant Motion for Summary Judgment

Defendants claim Plaintiff did not appeal any grievances relevant to his claim through Step III before filing this case.  (ECF No. 8, PageID.78).  Thus, the Court should dismiss Plaintiff's claim.  (*Id.* at PageID.79).  Plaintiff argues he did not receive a timely Step II response, so he appealed his grievance to Step III as

required by MDOC policy.  (ECF No. 13, PageID.158-59).[1]  In reply, Defendants

contend Plaintiff did not file his Step III appeal until November 10, 2021.  Thus,

Under MDOC policy, the Step III response would not be due until sixty days after

Plaintiff filed his Step III appeal—February 10, 2022.

## III.   DISCUSSION

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A fact is material if it might affect the outcome under governing law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the

evidence, all facts, and any inferences that may be drawn from the facts in the light

most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins.*

*Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing

if a party "fails to properly address another party's assertion of fact," then the court

---

[1] Plaintiff filed two responses to Defendants' motion.  (ECF Nos. 13, 14).  Both
documents appear nearly identical, so the undersigned will refer to his earlier response.

may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, .

4

. . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

B.   Exhaustion under the PLRA

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e *et seq.*, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Congress enacted the provision to address the "outsized share" of prisoner litigation filings and to ensure that "the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203-04 (2007).  Put another way, the purpose of § 1997e(a) is to "reduce the

5

quantity and improve the quality of prisoner suits[.]"  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  In addition, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks and citation omitted).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones*, 549 U.S. at 211.  The prison's grievance process determines when a prisoner has properly exhausted his or her claim.  *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").  Even where a prisoner has made some attempts to go through the prison's grievance process, "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court."  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The prisoner "may not exhaust administrative remedies during the pendency of the federal suit."  *Id.* (citations omitted); *see also Woodford*, 548 U.S. at 95 ("A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance

carries a sanction. . . .").  That said, "the PLRA and Federal Rule of Civil

Procedure 15 permit a plaintiff to amend his complaint to add claims that were

exhausted after the commencement of the lawsuit, provided that the plaintiff's

original complaint contained at least one fully exhausted claim."  *Mattox v.

Edelman*, 851 F.3d 583, 595 (6th Cir. 2017).

Finally, "inmates are not required to specifically plead or demonstrate

exhaustion in their complaints."  *Jones*, 549 U.S. at 216.  Instead, failure to exhaust

administrative remedies is an affirmative defense under the PLRA.  *Id.*  Thus,

defendants bear the burden of proof on exhaustion.  *Surles v. Andison*, 678 F.3d

452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a

PLRA plaintiff has not exhausted his administrative remedies.").

C.    Grievance Procedures at MDOC

Under Policy Directive 03.02.130, dated March 18, 2019, the administrative

remedies available at the MDOC are as follows.  First, the inmate must attempt to

resolve issues with the staff member involved within two business days of learning

about a grievable issue.  (ECF No. 8-2, PageID.86, at ¶ Q).  If the issues are not

resolved within five business days, the inmate may file a Step I grievance using the

appropriate form.  (*Id.*).  "Dates, times, places, and names of all those involved in

the issue being grieved are to be included."  (*Id.* at ¶ S).  Grievances and grievance

appeals at all steps are considered filed on the date received by the Department.

7

All grievances and appeals are date stamped upon receipt.  (*Id.* at ¶ T).  The inmate

should receive a response at Step I within fifteen business days of filing the

grievance.  (*Id.* at PageID.87, at ¶ Z).

If the inmate is dissatisfied with the Step I disposition, or does not receive a

timely response, he or she may file a Step II grievance using the appropriate form

within ten business days of the response or the date the response was due.  (*Id.* at

PageID.88, at ¶ DD).  As with Step I, the inmate should receive the Step II

response within fifteen business days.  (*Id.* at ¶ EE).  Similarly, if the inmate is

dissatisfied with the Step II response or does not receive a timely response, the

inmate may file a Step III grievance.  (*Id.* at PageID.89, at ¶ HH).  Generally, Step

III grievances will be responded to within sixty business days.  (*Id*. at ¶ II).  The

matter is fully exhausted after the disposition of the Step III grievance.  *Surles*, 678

F.3d at 455 ("A grievant must undertake all steps of the MDOC process for his

grievance to be considered fully exhausted.").

D.    <u>Analysis</u>

Defendants contend Plaintiff failed to properly exhaust his grievance to Step

III before filing this case.  Thus, his complaint should be dismissed.  (ECF No. 8).

Plaintiff maintains he did not receive a timely Step II response, so he appealed his

grievance to Step III on September 24, 2021, then waited an appropriate amount of

time to file this case.  (ECF Nos. 13,14).  Defendants note Plaintiff filed his Step

III appeal on November 10, 2021, the date staff received his appeal, so Plaintiff did not wait an appropriate amount of time before filing this case.  (ECF No. 18).

Grievances and appeals are considered filed on the date received by the Department.  All grievances and appeals are date stamped upon receipt.  (ECF No. 8-2, PageID.86, at ¶ T).  Plaintiff's grievance was received at Step I on August 12, 2021 and returned to Plaintiff on August 30, 2021.  (ECF No. 1, PageID.29). Plaintiff then filed his Step II appeal on September 3, 2021.  (*Id.* at PageID.32).  As a result, his Step II response was due on September 27, 2021, fifteen business days after his Step II appeal was filed.[2]  (ECF No. 8-2, PageID.88, at ¶ EE).  He did not receive his Step II response until September 29, 2021, two days after his Step II response was due.  (ECF No. 1, PageID.31).  Plaintiff attests he mailed his Step III appeal on September 24, 2021.  (*Id*. at PageID.38-39).  His Step III appeal was received in the office on November 10, 2021.  (ECF No. 8-3, PageID.95; ECF No. 18-1, PageID.218).  Since appeals are considered filed on the date received by the Department, his Step III appeal was not filed until November 10, 2021.  (ECF No. 8-2, PageID.86, at ¶ T).  If the Step III response was due sixty business after it was filed, then the response was due on February 10, 2022.  (*Id.* at PageID.89, at ¶ II).

---

[2] Though Plaintiff repeatedly notes that this due date was September 24, 2021, he ignores the Labor Day holiday.  Fifteen business days from September 3, 2021 is September 27, 2021.

As Plaintiff notes, he only must give the MDOC a reasonable amount of time to respond to his Step III appeal, generally sixty days before filing suit. (ECF No. 13, PageID.163). But Plaintiff did not do that here. He filed this case on December 30, 2021, only thirty-two business days after the November 10, 2021 filing date. So he did not wait until his Step III appeal was properly resolved before filing suit. Even where a prisoner has made some attempts to go through the prison's grievance process, "[t]he plain language of the [PLRA] makes exhaustion a precondition to filing an action in federal court." *Freeman*, 196 F.3d at 645. Because Plaintiff failed to pursue his grievance through the three-step process before filing this case, he did not meet the precondition to filing this action. For these reasons, Defendants' motion should be granted.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (ECF No. 8) be **GRANTED** and this case should be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 6, 2022.                    s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 6, 2022.

s/Kristen MacKay
Case Manager
(810) 341-7850