UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

      Plaintiff,

                                                      Case No. 2:21-13064
                                                      HON. GERSHWIN A. DRAIN

vs.

M.D.OC., *et al*.,

      Defendants.

_____/

## OPINION AND ORDER: ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF NO. 21], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 8], AND OVERRULING PLAINTIFF'S OBJECTION [ECF NO. 22 & 23]

**I.**    **INTRODUCTION**

This matter is before the Court on Defendants the Michigan Department of Corrections' (MDOC), Sirenna Landfair, and Brian Stricklin's Motion for Summary Judgment. *See* ECF No. 8. The matter was referred to Magistrate Judge Curtis Ivy, Jr., who issued a Report and Recommendation on September 6, 2022, recommending that the Court grant Defendants' Motion for Summary Judgment.

Plaintiff filed duplicate objections to the Report and Recommendation on September 16 and 21 of 2022. Defendants filed a Response to the Plaintiff's objections on September 30, 2022.

For the reasons discussed below, the Court will overrule Plaintiff's objection, accept and adopt Magistrate Judge Ivy's Report and Recommendation, and grant Defendants' Motion for Summary Judgment.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

In his report and recommendation, Magistrate Judge Ivy concluded that Sedore failed to exhaust administrative remedies on his sole grievance, JCF 1314. Judge Ivy stated that Plaintiff "only must give the MDOC a reasonable amount of time to respond to his Step III appeal, generally sixty days before filing suit," as required by prison policies. [ECF No. 21, PageID.235]. "But Plaintiff did not do that here," Judge Ivy observes, "he filed this case on December 30, 2021, only thirty-two business days after the November 10, 2021, grievance filing date. So he did not wait until his Step III appeal was properly resolved before filing suit." [Id]. Judge Ivy ruled, "[b]ecause Plaintiff failed to pursue his grievance through the

three-step process before filing this case, he did not meet the precondition to filing this action." [Id].

In Sedore's objections, he references another lawsuit currently pending in this Court, *Sedore v. Landfair*, Case No. 2:22-cv-10060 ("Landfair"). Sedore received a favorable R&R in that case from Magistrate Judge Altman for essentially the same argument he makes in this case: that he submitted his Step III grievance in July 2021, but it was not marked as received and filed at Step III until October 2021. Based on mailing date of the grievance, Sedore successfully argued that he filed his lawsuit within a reasonable amount of time—more than 60 days— from mailing of the Step III appeal. And the Defendants in that case did not object to the ruling. Further, in *Landfair*, Sedore cited documentation that showed he mailed out the Step III grievance form in July 2021.

Here, Sedore references a handwritten affidavit where he states: "I swear under penalty of perjury that the following claims and statements are accurate and truthful . . . On 9/24/2021 I place my step #3 appeal . . . in my outgoing mailbox. . . for grievance identifier # JCF/2108/1314/12E1" [ECF No. 1, PageID.38].

These affidavits and other documentation may raise an issue of fact regarding when Sedore mailed his grievance appeal and how long such a document normally takes to arrive. But MDOC P.D. 03.02.130 ¶T provides that "[g]rievances and grievance appeals at all steps shall be considered filed on the date received by

the Department," and that "[a]ll grievances and appeals shall be date stamped upon receipt." The Step III appeal was received on November 10, 2021. [ECF No. 8-3, PageID.95]. Sedore filed his lawsuit on December 30, 2021, less than 60 days after his appeal was received. *See* MDOC P.D. 03.02.130 ¶ II, "[g]enerally, Step III responses will be responded to within 60 business days."

Even if Sedore mailed his appeal on September 24, 2021, he was required by prison policy to wait 60 days after the prison received it on November 10, 2021. An inmate administratively exhausts a PLRA claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the "critical procedural rules" of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance "on the merits" in the first instance. *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010).

Because Sedore did not follow proper prison procedure by waiting 60 days after the prison received his step III appeal to file his lawsuit, he failed to exhaust.

IV.   **CONCLUSION**

Accordingly, the Plaintiff's objections [ECF Nos. 22 & 23] are **OVERRULED**. The Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Ivy's Report and Recommendation [ECF No. 21], and **GRANTS** Defendants' Motion for Summary Judgment [ECF No. 8].

-5-

**IT IS SO ORDERED.**

Dated: January 24, 2023    /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 24, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk